**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Skanska USA Civil Southeast, Inc., f/k/a Atlantic Skanska, Inc.; FIREMAN'S FUND INSURANCE COMPANY, as subrogee of Skanska USA Civil Southeast, Inc. f/k/a Atlantic Skanska, Inc.; and SKANSKA USA CIVIL SOUTHEAST, Inc., f/k/a ATLANTIC SKANSKA, INC., | Civil Action File No.: 1:09-CV-0666-RWS |
| Plaintiffs, | |
| v. | |
| SHEFFER ENGINEERING COMPANY, INC., and DANIEL B. SHEFFER, II, Individually, | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT[1]**

I.   Introduction.

Plaintiffs' position in response to Defendants' Motion for Summary Judgment, to be taken with merit, requires that this Court don blinders on multiple

---

[1] Defendants object to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment for failure to comply with several of this Court's formatting rules. Plaintiffs' memorandum does not comply with the requirements regarding either page margins or type size and additionally fails to certify compliance with any of the Court's formatting rules pursuant to LR 7.1D.

1

facts, focusing only on immaterial, misrepresented and incomplete record evidence.

First, to accept plaintiffs' position, the Court must focus solely on an emasculated interpretation of one page of the design package generated by Sheffer and completely ignore the other twenty pages. Plaintiff asks the Court to accept that because an illustration of Sheffer's design did not depict the entire project, Skanska was justified in excavating below a limitation which was stated no less than three times in the provided design.

Second, plaintiff's position, if accepted, will force the Court to consider facts immaterial to the issue presented: that Skanska did not construct in accordance with design and therefore, under Georgia law, it and the other plaintiffs cannot establish negligence on the part of Sheffer as the designer. Here plaintiffs point to a structural drawing from the overall project and a maximum excavation for the entire pump station for the proposition that Sheffer knew that Skanska would be excavating beyond the limitations expressed numerous times in Sheffer's design. Sheffer was not involved in the design of the pump station and the design at issue does not in any way reference the maximum excavation of the pump station.

Third and finally plaintiff's argument if taken as meaningful, means that despite what is expressly contained in a professional's design, other unrelated documents impact that designer's obligations. Plaintiffs point to a document not incorporated in any way into Sheffer's design to say that because Mr. Sheffer may have had knowledge of some fact immaterial to the design he presented to Skanska. Because Sheffer was given a structural drawing depicting the entire pump station's elevation, plaintiffs contend that his design of a protective system for one area of the coffer dam should have accounted for the excavation of the overall project.

This final proposition entirely misses the point. Georgia law clearly requires that in order to establish negligent design a party MUST have constructed in accordance with design. Based on this clear principal of applicable law, the points forwarded by plaintiffs fail and the result is summary disposition in favor of Defendants.

II.   <u>Argument</u>.

In their Opposition to Defendants' Motion for Summary Judgment and taken in the light most favorable to them, the plaintiffs' main contention, reduced to its essence, is that Sheffer's design, which limited excavation to fifteen feet below 874.00 foot M.S.L. water level was not the design for which Skanska contracted.

If that were true, then Skanska would have been entitled to reprocure the design services and charge Sheffer any additional expense incurred in obtaining the contracted for services. However, Skanska could not ignore the limitation clearly and explicitly expressed in Sheffer's design and then claim damages for breach of the cofferdam.

This is so because, under well-settled Georgia law, an essential element of a claim for negligence against a design professional is that the professional's design was followed. See Covil v. Robert & Co. Assoc., 112 Ga. App. 163, 168, 144 S.E.2d 450, 455 (1965); Wheat Street Two, Inc. v. James C. Wise, Simpson, Aiken & Associates, Inc., 132 Ga. App. 548, 550, 208 S.E.2d 359, 362 (1974). Here, the report provided as part of Sheffer's design package and accompanying the plain view illustrated design clearly stated that "This document is valid on this particular project only, and to a maximum depth of 13.0 feet below the 874.00' M.S.L. water level [which would be 861.0'; Sheffer later amended this to permit excavation to 859.0']." See Exhibits C, D, E and F to Defendant's Memorandum of Law in Support of their Motion for Summary Judgment.

As one would expect, the plaintiffs throw a barrage of disputed facts into the mix. However, none of these disputed facts are material and therefore cannot defeat Sheffer's motion for summary judgment. For example, the plaintiffs take

issue with the fact that Sheffer did not mention that there is a dispute as to whether a one stage or two stage design was contemplated. This dispute was not mentioned because it is immaterial. Assuming arguendo that only a one-stage design was contemplated, the design that was delivered contained the clear limitation that it was only valid to a depth of 859 feet.[2] The plaintiffs seem to argue that the report should also have stated that the design was not good to a depth greater than 859 feet but it is silly to suggest that a sophisticated contractor needs to be told that a design valid to a depth of 859 feet is not valid below that depth.

The plaintiffs likewise attempt to muddy the waters by reference to their self-serving statements about their "understanding." For example, the plaintiffs acknowledge in their opposition that they understood that the limitation on excavation applied to at least part of the excavation[3] but that they did not understand that it applied to the entire excavation. Again, the limitation was expressed as follows: "This document is valid on this particular project only, and to a maximum depth of 13.0 feet below the 874.00' M.S.L. water level." There is

---

[2] In other words, while the fact that Sheffer and Skanska contemplated a two-stage design explains the basis of the limitation, the explanation is not material. A clearly stated limitation in a design such as this must be followed.

[3] The plaintiffs acknowledge that Sheffer's design included a limitation on excavation. For example on page 7 of the Opposition, "because Skanska interpreted Sheffer's 859 MSL limitation as applying only to the area on top of the raker system, it continued excavating the project site in accordance with its plans."

no suggestion that this limitation only applies to part of the project. To the contrary, the sentence speaks in terms of the entire project. Therefore, the plaintiffs' understanding is not material.

In light of Georgia law and based on the nature of Sheffer's motion, the only material question of fact is whether Skanska followed the design that was actually provided by Sheffer. There is no dispute that Skanska excavated well-beyond the 859 M.S.L. limitation on excavation depth. In fact, it is admitted that Skanska excavated to a depth of 850 feet M.S.L. It is likewise undisputed that, when the excavation was not lower than 859 feet, the design functioned as intended.

The plaintiffs rely on the statement of their expert to attempt to create a material issue of fact as to whether the design was followed. The plaintiffs quote their expert as follows: "Skanska's excavation to the 851 foot level cannot be considered a deviation from Sheffer's design because that excavation was known to be required to install the pump station foundation." This quote again mixes concepts of contract and tort law and incorporates non-material facts.

In essence, plaintiffs' expert says that Skanska did not deviate from the design because the design should not have included the 859 foot limitation. This is the functional equivalent of admitting that Skanska deviated from Sheffer's design by going lower than 859 feet. It is true that the statement also raises the question

of whether the design delivered by Sheffer was what Skanska requested. However, that is not a material issue in a claim of negligence. If the clearly expressed limitation of the design was contrary to the design Skanska requested, Skanska's remedy was to effectuate cover – hire a substitute engineer to deliver what had been requested and charge Sheffer any additional cost incurred in obtaining the desired design. That is not the claim being made here. The claim as articulated is that the design actually delivered was negligent and, although followed, resulted in the failure of the cofferdam. Georgia law requires that the plaintiff follow the design in order to prevail on such a claim. Moreover, here, it is undisputed that had Skanska adhered to the limitation in the design, the failure would not have occurred. Therefore, summary judgment in Sheffer's favor is warranted.

III.   Conclusion.

Georgia law clearly requires that in this instance for Plaintiffs' claim to survive it must have adhered to the design provided by Sheffer. There is no dispute that Skanska excavated well below the expressed limitation contained in the design. For these and the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment.

Dated this 13th day of May, 2010.

[SIGNATURE PAGE FOLLOWS]

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC


s/Amber E. Tuggle
AMBER E. TUGGLE
Georgia Bar No. 246719
STEPHEN J. RAPP
Georgia Bar No. 103806

Suite 3000, 950 East Paces Ferry Rd.
Atlanta, Georgia 30326
404-876-2700          Attorneys for Defendants

## *RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE*

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

                                              s/Amber E. Tuggle  
                                              AMBER E. TUGGLE

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, I electronically filed the foregoing pleading via CM/ECF system which will automatically send e-mail notification of such filing upon all parties to this matter:

Albert G. Dugan, Esq.<br>
David M. Bessho, Esq.<br>
COZEN O'CONNOR<br>
303 Peachtree Street, N.E.<br>
Atlanta, GA 30308

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

s/Amber E. Tuggle
AMBER E. TUGGLE
Georgia Bar No. 246719

Suite 3000, 950 East Paces Ferry Rd.
Atlanta, Georgia 30326
404-876-2700                    Attorney for Defendants